[Cite as *State v. Raines*, 2024-Ohio-2401.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

KEVIN RAY RAINES,

    DEFENDANT-APPELLANT.

CASE NO. 14-23-40


O P I N I O N


Appeal from Union County Common Pleas Court
Criminal Division
Trial Court No. 2022-CR-0265

Judgment Affirmed

Date of Decision:  June 24, 2024


APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew M Bigler* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Kevin R. Raines ("Raines"), appeals the judgment of sentence entered against him in the Union County Court of Common Pleas on November 17, 2023. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on November 4, 2022, when the Union County grand jury returned a seven-count indictment charging Raines as follows: Count 1 – Corrupting Another With Drugs, a second-degree felony in violation of R.C. 2925.02(A)(4)(a) and (C)(1); Count 2 – Corrupting Another With Drugs, a second-degree felony in violation of R.C. 2925.02(A)(3) and (C)(1); Count 3 – Aggravated Possession of Drugs, a second-degree felony in violation of R.C. 2925.11(A) and (C)(1)(c); Count 4 – Having Weapons While Under Disability, a third-degree felony in violation of R.C. 2923.13(A)(2); Count 5 – Gross Sexual Imposition, a fourth-degree felony in violation of R.C. 2907.05(A)(1) and (C)(1); Count 6 – Aggravated Trafficking in Drugs, a third-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(c); and Count 7 – Aggravated Trafficking in Drugs, a second-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(d). Count 1 of the indictment also contained a three-year firearm specification pursuant to R.C. 2941.145, and Count 3 contained a one-year firearm specification pursuant to R.C. 2941.141.

{¶3} On February 9, 2023, an arraignment was held and Raines entered an initial plea of not guilty to the indictment. Nearly eight months of pretrial proceedings then ensued.

{¶4} On October 5, 2023, a change of plea hearing was held. At that time, Raines entered negotiated pleas of guilty to Count 3, amended to dismiss the firearm specification, and to Counts 4, 6, and 7 as indicted. In exchange for the guilty pleas as outlined, the prosecution dismissed Counts 1, 2, and 5. The trial court accepted the guilty pleas and ordered a presentence investigation.

{¶5} On November 17, 2023, a sentencing hearing was held. At that time, Raines was sentenced as follows: Count 3 – a minimum prison term of six years with a potential maximum prison term of nine years; Count 4 – 36 months in prison; Count 6 – 36 months in prison; and Count 7 – six years in prison. The trial court ordered that all prison terms be served consecutively, for an aggregate minimum prison term of 18 years and an aggregate potential maximum prison term of 21 years.

{¶6} On December 15, 2023, Raines filed the instant appeal, in which he raises one assignment of error for our review.

**Assignment of Error**

**The trial court erred when it sentenced appellant to maximum sentences on two counts and further erred when it ordered the sentences were to be served consecutive.**

{¶7} In the sole assignment of error, Raines contends that the trial court erred in imposing maximum prison terms on Counts 4 and 6 and in ordering that all sentences be served consecutively.

{¶8} The standard of review in this sentencing appeal is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10; R.C. 2953.08. The Supreme Court of Ohio has further limited sentencing review by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 3d Dist. Allen Nos. 1-20-48 and 1-20-49, 2021-Ohio-1768, ¶ 9. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12. *Id.*, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 16.

{¶9} With regard to the maximum sentences imposed on Counts 4 and 6, Raines was convicted on Count 4 of Having Weapons While Under Disability, a third-degree felony in violation of R.C. 2923.13(A)(2), and was convicted on Count 6 of Aggravated Trafficking in Drugs, a third-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(c). The authorized range of prison sentences for those

types of third-degree felonies is a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). Thus, the 36-month prison terms imposed by the trial court for Counts 4 and 6 were within the statutory range.

{¶10} On the record at the time of sentencing, the trial court specifically noted that it had considered "the record, the oral statements, the presentence investigation report, the purposes and principles of sentencing under Revised Code Section 2929.11, the serious and recidivism factors relevant to the offense and the offender pursuant to Revised Code Section 2929.12, and the need for deterrence, incapacitation, and rehabilitation, and restitution." (11/17/23 Tr., 12-13). The judgment entry of sentencing reflects the same. (Docket No. 43).

{¶11} The trial court went on to find that at the time of committing the offenses at issue, Raines was on parole, that he had a history of juvenile delinquency adjudications beginning at age 14, and an extensive history of adult criminal convictions. The trial court determined that Raines had not previously been rehabilitated to a satisfactory degree and had not responded favorably to sanctions previously imposed for his criminal convictions. The trial court noted that Raines was 41-years-old, that his ORAS score of 41 indicated a high risk of recidivism, and that he had served three prior prison sentences in Ohio and at least one in Montana. The trial court concluded that Raines shows a complete disregard for others and poses a definite risk to the community.

**{¶12}** While Raines asserts on appeal that the trial court erroneously found that he had committed one or more of the multiple offenses while awaiting trial or sentencing, a review of the record reflects that Raines' argument is misguided.

R.C. 2929.12(D)(1) provides:

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

**{¶13}** At the sentencing hearing in this case, the trial court began to make a finding pursuant to R.C. 2929.12(D)(1) by referencing all of the language in that statutory subsection but then immediately stopped and said, "well, just to shortcut that, [he] was on parole on all – when he committed all three of the offenses." (11/17/23 Tr., 15-16). Thus, upon considering the trial court's remark in context, Raines' argument lacks merit.

**{¶14}** Raines also argues that the prosecutor impermissibly referred to evidence of offenses with which Raines had previously been charged but for which

he was not convicted. However, even assuming arguendo that the prosecutor's passing reference to Raines' prior charges was impermissible, the record does not establish that the trial court relied in any way on that reference in making its sentencing decision.

{¶15} In summary, the record before us confirms that the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and the statutory factors relating to seriousness and recidivism set forth in R.C. 2929.12. As the trial court gave consideration to the applicable sentencing factors and because the maximum sentences imposed are within the statutory range of sentencing options, the maximum sentences in this case are not clearly and convincingly contrary to law.

{¶16} Raines also argues that the trial court erred in ordering that the prison terms in this case be served consecutively. Specifically, Raines suggests that the aggregate sentence here is overly severe.

{¶17} In order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive

-7-

service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} When reviewing consecutive sentences on appeal, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, ¶ 5.

{¶19} Here, the trial court made findings pursuant to R.C. 2929.14(C)(4), and Raines does not contest those findings on appeal. Upon reviewing the entire record before us, we do not clearly and convincingly find that the record does not support the trial court's findings with regard to consecutive sentences. The record is replete with factors that support consecutive sentences, including Raines'

extensive criminal history, the multiple offenses he committed in this case, the demonstrated risk that he poses to the public, and the likelihood of recidivism.

**{¶20}** In sum, when considering the record as a whole, we do not find that Raines has demonstrated by clear and convincing evidence that his maximum sentences or his consecutive sentences are clearly and convincingly contrary to law. Therefore, the assignment of error is overruled.

*Conclusion*

**{¶21}** Having found no error prejudicial to the defendant-appellant, Kevin R. Raines, in the particulars assigned and argued, the judgment of the Union County Common Pleas Court is affirmed.

*Judgment affirmed*

**WILLAMOWSKI, P.J., and MILLER, J., concur.**