[Cite as *State v. Johnson*, 2021-Ohio-1768.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 1-20-48

     v.

MICHAEL D. JOHNSON,              O P I N I O N

     DEFENDANT-APPELLANT.

---

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 1-20-49

     v.

MICHAEL D. JOHNSON,              O P I N I O N

     DEFENDANT-APPELLANT.

---

**Appeals from Allen County Common Pleas Court**
**Trial Court Nos. CR2018 0246 and CR2019 0116**

**Judgment Affirmed in Case No. 1-20-49**
**Judgment Affirmed and Cause Remanded in Case No. 1-20-48**

**Date of Decision:   May 24, 2021**

---

APPEARANCES:

     *Anthony S. VanNoy* **for Appellant**

     *Jana E. Emerick* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Michael D. Johnson, appeals the September 28, 2020 judgments of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Background*

{¶2} On June 13, 2018, the Allen County Grand Jury indicted Johnson on seven counts in case number CR2018 0246: Count One of possession of cocaine in violation of R.C. 2925.11(A), a first-degree felony, and Counts Two through Seven of having weapons while under disability in violation of R.C. 2923.13(A)(3), third-degree felonies. Count One also contained a major drug offender ("MDO") specification pursuant to R.C. 2941.1410(A), a specification for forfeiture of money in a drug case pursuant to R.C. 2941.1417(A), and seven specifications for forfeiture of a gun in a drug case pursuant to R.C. 2941.1417(A). On June 25, 2018, Johnson appeared for arraignment and pleaded not guilty.

{¶3} On March 14, 2019, the Allen County Grand Jury indicted Johnson on two counts in case number CR2019 0116: Count One of possession of cocaine in violation of R.C. 2925.11(A), a third-degree felony, and Count Two of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. Count One also contained two specifications for forfeiture of money in a drug case pursuant to R.C. 2941.1417(A). On March 22, 2019, Johnson appeared

-2-

for arraignment in case number CR2019 0116 and pleaded not guilty to the counts and specifications in the indictment. On May 10, 2019, the State filed motions to consolidate case numbers CR2018 0246 and CR2019 0116, which the trial court granted on May 30, 2019.

{¶4} A change of plea hearing was held on August 4, 2020. With respect to case number CR2018 0246, Johnson withdrew his not guilty pleas and entered guilty pleas to Counts One and Two and the firearm specifications associated with Count One. In exchange, the State agreed to recommend dismissal of Counts Three through Seven and the MDO specification associated with Count One. With respect to case number CR2019 0116, Johnson withdrew his not guilty pleas and entered guilty pleas to the counts and specifications in the indictment. In exchange, the State agreed to make no sentencing recommendation. The trial court accepted Johnson's guilty pleas and entered findings of guilty. With respect to case number CR2018 0246, the trial court dismissed Counts Three through Seven and the MDO specification associated with Count One. The trial court filed its judgment entries of conviction on August 5, 2020.[1]

{¶5} The sentencing hearing was held on September 28, 2020. In case number CR2018 0246, the trial court sentenced Johnson to 5 years in prison on

---

[1] With respect to case number CR2018 0246, the trial court filed an amended judgment entry of conviction reflecting that the MDO specification associated with Count One was dismissed pursuant to plea negotiations. (Case No. CR2018 0246, Doc. No. 86).

Count One and 12 months in prison on Count Two to be served consecutively to each other. In case number CR2019 0116, the trial court sentenced Johnson to 36 months in prison on Count One and 12 months in prison on Count Two to be served consecutively to each other. In addition, the trial court ordered the consecutive sentences in case numbers CR2018 0246 and CR2019 0116 to be served consecutively to each other. That same day, the trial court filed its judgment entries of sentence. On October 23, 2020, Johnson filed motions for reconsideration of his sentences, which the trial court denied on November 9, 2020.

{¶6} On October 28, 2020, Johnson filed notices of appeal. He raises two assignments of error for our review, which we will address together.

**Assignment of Error No. I**

**The trial court erred in finding that Appellant committed his offenses for hire or as part of organized criminal activity.**

**Assignment of Error No. II**

**The court erred in sentencing Appellant to serve consecutive sentences.**

{¶7} Johnson raises two assignments of error in which he claims the trial court erred when imposing his sentences. In his first assignment of error, Johnson argues the trial court erred by finding that he committed his trafficking-in-cocaine offenses for hire or as part of organized criminal activity. Accordingly, Johnson contends the trial court erred by fashioning a sentence in accordance with its

purportedly erroneous finding. In his second assignment of error, Johnson argues the trial court erred by sentencing him to consecutive sentences. Specifically, Johnson argues that because he passed his urine drug tests and engaged in "extensive rehabilitative efforts" while released on bond awaiting sentencing, the trial court erred by sentencing him to consecutive sentences.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority: Felony Sentencing*

{¶9} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Nobel*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. A sentence imposed within the statutory range is not contrary to law as long as the trial court

considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 15.

{¶10} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs the court to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶11} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C.

2929.12(A).  In addition, the trial court must consider the factors set forth in R.C. 2929.12(F) pertaining to the offender's service in the armed forces of the United States.  R.C. 2929.12(A).  A sentencing court has broad discretion to determine how much weight to assign to each sentencing factor in R.C. 2929.12.  *Smith* at ¶ 15; *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.); *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶12} Recently, in *State v. Jones*, ___ Ohio St.3d ___, 2020-Ohio-6729, the Supreme Court of Ohio clarified the proper scope of review of felony sentences imposed in cases, like the present case, where the defendant's appeal challenged the trial court's application of R.C. 2929.11 and 2929.12.  In *Jones*, the court held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."  *Id.* at ¶ 39.  In reaching this conclusion, the court explained that R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if the appellate court clearly and convincingly finds that the record does not support the sentencing court's finding under certain specified statutory provisions.  *Id.* at ¶ 28.  However, R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a).  *Id.*  Instead, only "R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified" in R.C. 2953.08(G)(2)(a).  *Id.*  Furthermore, the court explained that "an appellate

court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Accordingly, "pursuant to *Jones*, an appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *Dorsey*, 2021-Ohio-76, at ¶ 17, quoting *Jones* at ¶ 29.

*Analysis: Felony Sentencing*

{¶13} In the instant case, Johnson was convicted of one count of possession of cocaine in violation of R.C. 2925.11(A), a first-degree felony.[2] R.C. 2925.11(C)(4)(e) requires the court to impose as a mandatory prison term, a first-degree felony mandatory prison term. For first-degree felony offenses committed on or before March 21, 2019, "the prison term shall be a definite prison term of three, four, five, six, seven, eight, nine, ten, or eleven years." R.C. 2929.14(A)(1)(b). The trial court sentenced Johnson to a mandatory five years in prison on his conviction for possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(e). Johnson was also convicted of possession of cocaine in violation of 2925.11(A), (C)(4)(c) and two counts of having weapons while under disability in

---

[2] We note that the judgment entries of conviction and sentence indicate that Johnson was convicted of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(f), which involves a MDO specification. (Case No. CR2018 0246, Doc. Nos. 86, 91). However, a review of the transcript of the proceedings indicates that the parties clearly intended for the State to dismiss the MDO specification and that Johnson would plead guilty to a first-degree felony offense of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(e), amended from R.C. 2925.11(A), (C)(4)(f). This clerical error is further addressed in the conclusion of this opinion.

violation of R.C. 2923.13(A)(3), (B), which are all third-degree felonies. For third-degree felonies, "the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b). The trial court sentenced Johnson to 36 months in prison on the possession-of-cocaine charge and twelve months in prison on each of the having-weapons-under-disability charges. Accordingly, all of Johnson's sentences fall within the statutory ranges prescribed by the legislature.

{¶14} Furthermore, the record affirmatively reflects that the trial court considered R.C. 2929.11 and 2929.12 when it sentenced Johnson. In the judgment entries of sentence, the trial court stated that in fashioning Johnson's sentence it considered "the principles and purposes of sentencing in R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and all other relevant sentencing statutes * * *." (Case No. CR2018 0246, Doc. No. 91); (Case No. CR2019 0116, Doc. No. 35). Additionally, at the sentencing hearing, the trial court engaged in a lengthy analysis of Johnson's conduct in light of the purposes of felony sentencing under R.C. 2929.11 and balanced R.C. 2929.12's seriousness and recidivism factors. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32. Therefore, because Johnson's sentence is within the statutory range and the record supports that the trial

court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Johnson's sentence is not contrary to law. *Dorsey*, 2021-Ohio-76, at ¶ 18-19; *Maggette* at ¶ 30, 36.

**{¶15}** Nevertheless, Johnson argues that the trial court erred by finding that he committed the offenses for hire or as part of an organized criminal activity. Johnson contends that the record does not indicate that he participated with other persons in the drug trade in a manner that made his conduct more serious than other possession-of-drug offenses. However, in light of the Supreme Court of Ohio's holding in *Jones*, we could not vacate or modify Johnson's sentence on that basis. *See State v. Denoyer*, 3d Dist. Allen No. 1-20-34, 2021-Ohio-886, ¶ 29 (finding that, pursuant to *Jones*, R.C. 2953.08(G)(2)(b) "does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence 'is contrary to law' because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12").

**{¶16}** However, notwithstanding *Jones,* after reviewing the record, we find that Johnson's argument is misplaced. At the sentencing hearing, the trial court did offer a commentary in which it noted that drug offenses, when compared to some other criminal offenses, involve organized criminal activity in a general manner. However, it is clear from a review of the transcript that the trial court did not assign any undue seriousness to Johnson's involvement in the drug trade. Further, even

setting aside the trial court's findings with respect to organized criminal activity, the trial court still made ample findings to support the sentences imposed.

{¶17} Accordingly, Johnson's first assignment of error is overruled.

*Relevant Authority: Consecutive Sentencing*

{¶18} In his second assignment of error, Johnson argues that the trial court erred by imposing consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶19} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11.   Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

{¶20} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.  A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

*Analysis: Consecutive Sentencing*

{¶21} Johnson does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4).   Rather, Johnson contends that the record does not support the trial court's findings.

**{¶22}** At the sentencing hearing, the trial court stated:

* * * I'm finding that the consecutive sentences are necessary in the way that I've stated them because I find it's to protect the public from future crime and it's punishment for the defendant. I find that consecutive sentences as I've arranged them are not disproportionate to the seriousness of the conduct and the danger to the public and I also find that the multiple offenses were committed as part of a course of conduct and that the harm caused is so great and unusual that no single prison term for any of the offenses would adequately punish the defendant and would adequately reflect the seriousness of his conduct. So, all the counts are consecutive.

(Sept. 28, 2020 Tr. at 21-22). The trial court incorporated those findings into its

sentencing entries. In its sentencing entry, the trial court stated:

Pursuant to R.C. 2929.14(C)(4) the Court orders that consecutive sentences are made necessary to protect the public from future crime or to punish the defendant, and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, and because:
- At least two of the multiple offenses were committed as part of one or more courses or conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct.
- The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

(Case No. CR2018 0246, Doc. No. 91); (Case No. CR2019 0116, Doc. No. 35).

Accordingly, the record reflects that the trial court made the appropriate R.C.

2929.14(C)(4) findings before imposing consecutive sentences and incorporated

those findings into its sentencing entry.

{¶23} Nevertheless, Johnson argues that the record does not support the trial court's consecutive sentencing findings. In particular, Johnson challenges the trial court's finding that consecutive sentences are necessary to protect the public from future crime. Specifically, Johnson argues that he was released on bond for a lengthy period of time prior to sentencing and that during this time, he made substantial lifestyle changes including avoiding drugs and alcohol and engaging in extensive charitable efforts. Johnson also argues that the statistical recidivism rate for an individual his age is extremely low.

{¶24} However, a review of the record reveals that the trial court supported its finding that consecutive sentences were necessary to protect the public from future crime. First, the trial court acknowledged that the crimes of which Johnson was convicted in the two cases reflected a recurring pattern of criminal conduct over a span of approximately two years. (Sept. 28, 2020 Tr. at 12-13). Specifically, the trial court noted that a search warrant was issued for Johnson's residence in November 2016, leading to the charges in case number CR2018 0246, but Johnson was again found with drugs and a weapon at his residence in June 2018, leading to the charges in case number CR2019 0116. (*Id.*). The trial court also stated that Johnson "demonstrates a pattern of substance abuse" which is one of the factors that relates to the likelihood to commit future crimes. (*Id.* at 18). Further, the PSI indicates that Johnson has a criminal history which includes drug- and substance-

related offenses, indicating a pattern of criminal activity over time. Therefore, we find that the trial court did not err by finding that consecutive sentences were necessary to protect the public from future crimes by Johnson.

{¶25} Accordingly, Johnson's second assignment of error is overruled.

*Conclusion*

{¶26} Finally, we note that the State, in a footnote in its appellee brief, alleges the trial court erred in case number CR2018 0246 by indicating in the judgment entries of sentence and conviction that Johnson pleaded to and was found guilty of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(f), a first-degree felony with an MDO specification. However, the parties clearly indicated during the proceedings that, pursuant to a negotiated plea, the MDO specification was dismissed and the possession of cocaine charge should have been amended from an alleged violation of R.C. 2925.11(A), (C)(4)(f) to a violation of R.C. 2925.11(A), (C)(4)(e). The trial court's judgment entry in case number CR2018 0246 is correct in all other respects. The State suggests that, as a result of these errors, this Court is divested of jurisdiction with respect to case number CR2018 0246. While we agree with the State's assertion that the trial court's error in journalizing Johnson's plea must be corrected, we disagree with its contention that the trial court's error divests this Court of jurisdiction over case number CR2018 0246. Rather, we find that the trial court's error in journalizing his plea and sentence

was a clerical error and, therefore, can be corrected by appropriate nunc pro tunc entries.

**{¶27}** Accordingly, we affirm the trial court's judgment in case number CR2019 0116. With respect to case number CR2018 0246, we affirm the judgment of the trial court, but remand the matter for the limited purpose of allowing the trial court to correct its clerical errors by issuing appropriate nunc pro tunc entries.

**{¶28}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court. However, we remand case number CR2018 0246 for further proceedings consistent with this opinion.

**Judgment Affirmed in**
**Case No. 1-20-49**
**Judgment Affirmed and**
**Cause Remanded in**
**Case No. 1-20-48**

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**