[Cite as *State v. Toler*, 2022-Ohio-2917.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 6-21-14

    v.

RONNIE LEE TOLER,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 2021 2098

Judgment Affirmed

Date of Decision:  August 22, 2022

APPEARANCES:

    *Edwin M. Bibler* for Appellant

    *McKenzie J. Klingler* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ronnie Lee Toler ("Toler") brings this appeal from the Hardin County Common Pleas Court sentencing him to eighteen months in prison. On appeal, Toler claims that the trial court erred in sentencing him to a maximum sentence when the agreed sentence was community control. For the reasons set forth below, the judgment is affirmed.

{¶2} On July 15, 2021, the Hardin County Grand Jury indicted on Count 1 - Trespass in Habitation in violation of R.C. 2911.12(B), (E), a felony of the fourth degree and Count 2 - Criminal Damaging or Endangering in violation of R.C. 2909.06(A)(1), (B), a misdemeanor of the second degree. Doc. 1. Toler entered pleas of not guilty to the counts of the indictment. Doc. 5. On November 10, 2021, Toler entered a plea agreement in which he agreed to enter a plea of guilty to Count 1. Doc. 21. After speaking with Toler, the trial court accepted the plea and found Toler guilty of Count 1. Doc. 22. The sentencing hearing was held on December 6, 2021. Doc. 26. The State and Toler jointly recommended a sentence of community control. Tr. 3. However, the trial court rejected the recommendation and imposed a prison term of 18 months after considering the overriding purposes of felony sentencing contained in R.C. 2929.11 and the statutory factors set forth in R.C. 2929.12. Doc. 26. Toler appeals from this judgment and on appeal raises the following assignment of error.

**The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.11 and the purpose and principles of the felony sentencing guidelines.**

{¶3} In the sole assignment of error, Toler claims that the trial court abused its discretion in imposing the sentence. Initially this Court notes that our standard of review in this matter is not one of abuse of discretion, but whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10, 59 N.E.3d 1231 (holding that appellate courts may not apply an abuse of discretion standard to sentencing term challenges) and R.C. 2953.08(G)(2). The Supreme Court of Ohio has further limited the review of the sentence imposed by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39, 169 N.E.3d 649. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 3d Dist. Allen No. 1-20-48, 2021-Ohio-1768, ¶ 9, 173 N.E.3d 94. When reviewing felony sentences that are imposed solely after applying R.C. 2929.11 and R.C. 2929.12, this Court shall no longer analyze whether those sentences are unsupported by the record. Our task is simply to determine whether those sentences are contrary to law. *State v. Criswell*, 3d Dist. Marion No. 9-21-40, 2022-Ohio-2450, ¶ 13.

{¶4} This Court has no authority under R.C. 2953.08(G)(2) to reverse the sentence on the grounds that the record does not support the trial court's application of R.C. 2929.11 and 2929.12. The record before us confirms that the trial court considered the statutory factors set forth in R.C. 2929.12 and considered the overriding purposes of felony sentencing set forth in R.C. 2929.11. The sentence imposed was within the statutory range of sentences. Thus, the sentence imposed was not contrary to law. The assignment of error is overruled.

{¶5} Having found no error in the particulars assigned and argued, the judgment of the Hardin County Common Pleas Court is affirmed.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/hls**