[Cite as *State v. Saunders*, 2023-Ohio-4610.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,                                         CASE NO. 8-23-09

    PLAINTIFF-APPELLEE,

v.

RICHARD L. SAUNDERS, JR.,                    **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 21 050137

**Judgment Affirmed**

**Date of Decision:  December 18, 2023**

APPEARANCES:

    *Addie J. King* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Richard L. Saunders, Jr. ("Saunders"), appeals the judgment of sentence entered against him in the Logan County Court of Common Pleas on April 4, 2023. For the reasons that follow, we affirm.

*Procedural History*

{¶2} This case originated on June 14, 2022, when the Logan County Grand Jury returned a two-count indictment charging Saunders as follows: Count 1 – Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(1); and Count 2 – Domestic Violence, a third-degree felony in violation of R.C. 2919.25(A) and (D)(4).

{¶3} On August 23, 2022, an arraignment was held and Saunders entered initial pleas of not guilty.

{¶4} On February 27, 2023, a change of plea hearing was held. At that time, Saunders entered a negotiated plea of guilty to Count 2 of the indictment and, in exchange, the prosecution dismissed Count 1. The trial court accepted the guilty plea and ordered a presentence investigation.

{¶5} On April 4, 2023, a sentencing hearing was held and Saunders was sentenced to a 36-month prison term, with credit for 205 days previously served.

{¶6} On May 1, 2023, Saunders filed the instant appeal, in which he raises a single assignment of error for our review.

**Assignment of Error**

**The trial court erred and abused its discretion in sentencing defendant-appellant to a maximum term of imprisonment.**

*Analysis*

{¶7} In the sole assignment of error, Saunders contends that the trial court erred in imposing a maximum prison term of 36 months. Specifically, Saunders argues that the judgment entry of sentencing provides no explanation as to how the trial court applied or weighed the factors relevant to the court's sentencing decision.

{¶8} As an initial matter, we note that the standard of review in this matter is not abuse of discretion, but whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10; R.C. 2953.08. The Supreme Court of Ohio has further limited sentencing review by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 3d Dist. Allen Nos. 1-20-48 and 1-20-49, 2021-Ohio-1768, ¶ 9. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained

in R.C. 2929.12." *Id*., citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 16.

{¶9} In the instant case, Saunders was convicted of Domestic Violence, a felony of the third degree in violation of R.C. 2919.25(A) and (D)(4). The authorized range of prison sentences for a third-degree felony of that type is a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). Thus, the 36-month prison sentence imposed by the trial court was within the statutory range.

{¶10} In the judgment entry of sentencing, the trial court specifically noted that it had considered "the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11 and 2929.12." (4/4/23 Judgment Entry, Docket No. 64). The trial court noted that it had also considered "the need for deterrence, incapacitation, rehabilitation, and restitution." *Id*.

{¶11} As the record before us confirms that the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and the statutory factors relating to seriousness and recidivism set forth in R.C. 2929.12, and because the sentence imposed was within the statutory range of sentencing options, the sentence in this case was not contrary to law.

{¶12} The assignment of error is overruled.

*Conclusion*

**{¶13}** Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County is affirmed.

***Judgment Affirmed***

**MILLER, P.J. AND WILLAMOWSKI, J., concur.**

**/eks**