[Cite as *State v. Richmond*, 2025-Ohio-2393.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

  v.

CLARENCE W. RICHMOND, JR.,

     DEFENDANT-APPELLANT.

CASE NO. 17-24-15

OPINION AND
JUDGMENT ENTRY

---

Appeal from Shelby County Common Pleas Court
Criminal Division
Trial Court No. 23CR000251

**Judgment Affirmed**

**Date of Decision: July 7, 2025**

---

APPEARANCES:

    *Michael J. Scarpelli* **for Appellant**

    *Michael P. Doyle, Jr.* **for Appellee**

**WALDICK, P.J.**

{¶1} Defendant-appellant, Clarence Richmond, Jr. ("Richmond"), appeals the judgment of sentence entered against him in the Shelby County Court of Common Pleas on December 2, 2024. For the reasons set forth below, we affirm.

*Procedural History and Relevant Facts*

{¶2} This case originated on November 30, 2023, when a Shelby County grand jury returned a 9-count indictment against Richmond, in which each count contained a separate charge of Sexual Battery, a third-degree felony in violation of R.C. 2907.03(A)(5).

{¶3} The charges in the indictment stemmed from a sexual relationship that Richmond engaged in over the course of many years with his live-in girlfriend's daughter, for whom Richmond served as a surrogate step-father. Richmond's girlfriend, the child's mother, also participated with Richmond in the sexual activity involving her daughter. The sexual activity at issue began when the victim was 13 years of age and continued until she was 21. Richmond twice impregnated the victim. The first pregnancy occurred when the victim was 15, and resulted in a miscarriage. The second pregnancy occurred when the victim was 17, and resulted in a child being born to the teenaged victim.

{¶4} On December 4, 2023, an arraignment was held and Richmond entered an initial plea of not guilty to all counts in the indictment.

{¶5} On December 21, 2023, a superseding indictment was filed. That indictment contained the same nine charges set forth in the original indictment, but added nine additional counts. In each of the additional nine counts, being Counts 10 through 18, Richmond was charged with Rape, a first-degree felony in violation of R.C. 2907.02(A)(2).

{¶6} On December 27, 2023, an arraignment was held on the superseding indictment and Richmond pled not guilty to all counts of that indictment.

{¶7} On October 22, 2024, a change of plea hearing was held. At that time, Richmond entered a negotiated plea of guilty to Counts 1 and 2 of the indictment and, in exchange, the prosecution dismissed the remaining counts. The trial court accepted the guilty plea and ordered a presentence investigation.

{¶8} On December 2, 2024, a sentencing hearing was held. Richmond was sentenced to a prison term of sixty months on each count, with the two prison terms ordered to be served consecutively. Later that same date, the trial court journalized its sentencing decision.

{¶9} On December 4, 2024, Richmond filed the instant appeal, in which he raises one assignment of error for our review.

### Assignment of Error

**The trial court's decision to impose consecutive sentences is clearly and convincingly unsupported by the record.**

**{¶10}** In the sole assignment of error, Richmond argues that the imposition of consecutive sentences was not supported by the record in this case.

**{¶11}** The standard of review in this sentencing appeal is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 2016-Ohio-1002; R.C. 2953.08. The Supreme Court of Ohio has further limited sentencing review by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 2020-Ohio-6729, ¶ 39. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 2021-Ohio-1768, ¶ 9 (3d Dist). "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12. *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 15 (2d Dist.).

**{¶12}** In order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive

service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} When reviewing consecutive sentences on appeal, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5.

{¶14} In the instant case, the trial court made findings pursuant to R.C. 2929.14(C)(4)(b) in support of the consecutive sentences, and Richmond does not contest that on appeal. Additionally, upon reviewing the entire record before us, we cannot clearly and convincingly find that the record does not support the trial court's findings with regard to consecutive sentences. The record is replete with factors

that support consecutive sentences, including the fact that Richmond has two prior felony convictions, for which he served two separate prison terms; that the two crimes to which he pled guilty in this case involved a child who was 13 and 14 years old at the time of the offenses; that the criminal conduct at issue in Counts 1 and 2 occurred on a regular basis over the course of two years; that Richmond did not seem to appreciate the wrongfulness of his actions, as he completely failed to acknowledge that he did anything wrong; and that Richmond blamed the victim for causing the situation that led to him being prosecuted. Those facts, and the other facts of the case, fully support the findings made by the trial court in support of consecutive sentences.

{¶15} In sum, when considering the record as a whole, we do not find that Richmond has demonstrated by clear and convincing evidence that his consecutive sentences are clearly and convincingly contrary to law. Therefore, the assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to the defendant-appellant, Clarence Richmond, Jr., in the particulars assigned and argued, the judgment of the Shelby County Court of Common Pleas is affirmed.

***Judgment affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

Case No. 17-24-15

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge

_____
Mark C. Miller, Judge

_____
John R. Willamowski, Judge

DATED:
/jlm

-7-