[Cite as *State v. Carpenter*, 2025-Ohio-2561.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

AMBER L. CARPENTER,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-64

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2023 0123

Judgment Affirmed

Date of Decision: July 21, 2025

APPEARANCES:

    *Chima R. Ekeh* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**WALDICK, P.J.**

{¶1} Defendant-appellant, Amber Carpenter ("Carpenter"), appeals the judgment of conviction and sentence entered against her in the Allen County Court of Common Pleas on September 30, 2024. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on April 13, 2023, when an Allen County grand jury returned a three-count indictment against Carpenter, charging her as follows: Count 1 – Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(1); Count 2 – Endangering Children, a second-degree felony in violation of R.C. 2919.22(B)(1) and (E)(2)(d); and Count 3 – Endangering Children, a third-degree felony in violation of R.C. 2919.22(A) and (E)(2)(c).

{¶3} On September 22, 2023, Carpenter filed a written plea of not guilty to the indictment. Eleven months of pretrial proceedings then ensued.

{¶4} On August 26, 2024, a change of plea hearing was held. At that time, Carpenter entered a negotiated plea of guilty to Count 3 of the indictment. In exchange for that guilty plea, the prosecution agreed to a dismissal of Counts 1 and 2. The trial court accepted the guilty plea and ordered a presentence investigation.

{¶5} On September 30, 2024, a sentencing hearing was held and Carpenter was sentenced to thirty-six months in prison.

**{¶6}** On October 16, 2024, Carpenter filed the instant appeal, in which she raises two assignments of error for our review.

### First Assignment of Error

**Defendant-appellant's plea was not knowingly, intelligently, and voluntarily made.**

### Second Assignment of Error

**The trial court erred by imposing the maximum sentence of thirty-six months in prison.**

*First Assignment of Error*

**{¶7}** In the first assignment of error, Carpenter argues that her guilty plea was not entered knowingly, intelligently, and voluntarily.

**{¶8}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). If a guilty plea was not a knowing, intelligent, and voluntary one, the enforcement of the plea is unconstitutional. *State v. Dangler*, 2020-Ohio-2765, ¶ 10. A guilty plea that is coerced or induced by promises or threats renders the plea involuntary. *State v. Lawson*, 2018-Ohio-4922, ¶ 20 (3d Dist.).

**{¶9}** In Ohio, Crim.R. 11 sets forth the procedures to be followed by a trial court when accepting a guilty plea, and "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Dangler*, *supra*, at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d

163, 168 (1975). In reviewing whether a guilty plea satisfied the constitutional requirements, an appellate court looks to whether the dialogue between the trial court and the defendant demonstrates that the defendant understood the consequences of the plea. *Dangler*, at ¶ 12.

{¶10} Crim.R. 11(C) applies specifically to a trial court's acceptance of guilty pleas in felony cases and provides in relevant part as follows:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11} In the instant case, Carpenter concedes that the trial court fully complied with the requirements of Crim.R.11(C) prior to accepting the plea of guilty. However, Carpenter asserts that "pre-indictment delay of over three years,

-4-

pre-trial incarceration of 387 days, denial of bond modifications, and her emotional state of being pregnant with twins in jail" had a coercive effect on her decision to plead guilty and therefore rendered her plea involuntary.

{¶12} Upon reviewing the record before us and the reasons cited by Carpenter in support of her claim that her guilty plea was involuntary, we first note that Carpenter fails to articulate how the amount of time between the commission of the offense and her subsequent indictment had any impact on her decision to plead guilty after the indicted case had been actively pending for nearly a year. Carpenter also suggests that her guilty plea was coerced due to her being pregnant while the case was pending, but the record reflects that Carpenter was not pregnant at the time she pled guilty, having given birth several months prior to entering her negotiated plea of guilty. While Carpenter also claims that her pretrial incarceration and inability to post bond had a coercive effect on her decision to plead guilty, the record reflects that no promises were made to Carpenter regarding bail at the time of her plea. Additionally, the written plea agreement signed by Carpenter at the time of her guilty plea reflects her acknowledgement that her change of plea was not being made under threat or coercion and that no promises had been made to her relating to entering the guilty plea.

{¶13} We also consider the voluntariness of Carpenter's guilty plea in light of the record of the change of plea hearing held on August 26, 2024. The transcript of that hearing reflects that the trial court fully complied with the requirements of

Crim.R. 11 and advised Carpenter of the rights she was waiving by pleading guilty and the consequences of her guilty plea. The record of the change of plea hearing also reflects no hesitation on Carpenter's part in entering the guilty plea and, further, indicates that she was specifically asked by the trial court whether the guilty plea was the result of any promises or threats having been made against her, which she answered in the negative. The trial court also asked Carpenter if she felt that she was being coerced or forced into pleading guilty against her will, and Carpenter said she did not. Finally, we note that Carpenter was represented by counsel at all times during the pendency of the case, and that the negotiated plea of guilty ultimately entered by Carpenter was highly favorable to her.

{¶14} In summary, based on our application of the relevant law to the facts of the record before us, we find nothing to demonstrate that Carpenter's negotiated plea of guilty was involuntary as the result of coercion.

{¶15} The first assignment of error is overruled.

*Second Assignment of Error*

{¶16} In the second assignment of error, Carpenter contends that the trial court erred in imposing the maximum prison term of thirty-six months, arguing that the trial court failed to adequately consider the purposes and principles of felony sentencing and that the sentence is excessive.

{¶17} The applicable standard of review here is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 10;

R.C. 2953.08. The Supreme Court of Ohio has further limited sentencing review by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 2020-Ohio-6729, ¶ 39. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 2021-Ohio-1768, ¶ 9 (3d Dist). "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12. *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 16 (2d Dist.).

{¶18} With regard to the sentence imposed in the instant case, Carpenter was convicted of Endangering Children, a third-degree felony in violation of R.C. 2919.22(A) and (E)(2)(c). Pursuant to R.C. 2929.14(A)(3)(b), the authorized range of prison sentences for a third-degree felony of the type at issue here is a definite prison term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. Thus, the thirty-six month prison term imposed by the trial court in this case was within the statutory range.

{¶19} Statements by the trial court made on the record at the time of sentencing reflect that the court had considered the statutory factors relating to sentencing. The judgment entry of sentencing also reflects that the trial court considered "the principles and purposes of sentencing in R.C. 2929.11, the

seriousness and recidivism factors in R.C. 2929.12, and all other relevant sentencing statutes", as well as all statements in mitigation and other statements of the parties, the presentence investigation, and the statement from the victim's representative. (Docket No. 80).

{¶20} Carpenter's conviction in this matter relates to injuries suffered by her infant daughter as a result of Carpenter creating "a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." R.C. 2919.22(A). As a result of Carpenter having violated her duty of care, protection, or support, her one-month old daughter, "R.B.", suffered a skull fracture, as well as bruising on several locations of her body, including her face, back, and legs. At sentencing, the prosecution noted that its medical expert in the case, Dr. Schlievert, opined that the injuries sustained by the infant amounted to a serious degree of physical harm, involving severe pain and a significant risk of brain injury that could have been permanently disabling or fatal. The victim's grandmother, who subsequently adopted R.B., indicated at sentencing that the child was diagnosed with developmental delay as a result of the head injury, that she required ongoing therapy, and still faced many struggles on a daily basis.

{¶21} As detailed on the record at the sentencing hearing, the trial court took all relevant factors into account in formulating a sentence in this case, including Carpenter's prior criminal history, the fact she had not responded favorably to sanctions previously imposed, the fact she demonstrated a pattern of substance

abuse related to the offense at issue, an ORAS score of 16 which indicates a low to moderate risk of reoffending, and the fact that Carpenter showed remorse for her offense. Upon consideration of those facts, the trial court found that Carpenter was not amenable to community control and that community control would be demeaning to the seriousness of Carpenter's criminal conduct and the impact of that conduct upon the victim. Based primarily on the seriousness of the harm suffered by Carpenter's infant daughter, the trial court then imposed a non-mandatory sentence of thirty-six months in prison, noting that Carpenter would be eligible to file for judicial release after serving six months of that sentence.

{¶22} In summary, the record before us confirms that the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and the statutory factors relating to seriousness and recidivism set forth in R.C. 2929.12. Application of those statutory guidelines to the facts of the instant case supports the conclusion that Carpenter was not amenable to community control. Further, as the trial court gave consideration to the applicable sentencing factors and because the sentence imposed is within the statutory range of sentencing options, the maximum prison sentence in this case is supported by the record and is not clearly and convincingly contrary to law.

{¶23} The second assignment of error is overruled.

*Conclusion*

**{¶24}** Having found no error prejudicial to the defendant-appellant, Amber Carpenter, in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is affirmed.

***Judgment affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

Case No. 1-24-64

# __JUDGMENT ENTRY__

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.   The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.


_____
Juergen A. Waldick, Judge


_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge

DATED:
/jlm


-11-