[Cite as *State v. Eaton*, 2026-Ohio-1691.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

SHANE G. EATON,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-32

OPINION AND
JUDGMENT ENTRY

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 25-CR-118

Judgment Affirmed

Date of Decision: May 11, 2026

APPEARANCES:

    *William T. Cramer* for Appellant

    *T. Parker Schwartz II* for Appellee

**WALDICK, J.**

{**¶1**} Defendant-appellant, Shane Eaton ("Eaton"), appeals the judgment of sentence entered against him in the Marion County Court of Common Pleas on November 13, 2025. For the reasons set forth below, we affirm.

*Procedural History and Relevant Facts*

{**¶2**} This case originated on March 19, 2025, when a Marion County grand jury returned a three-count indictment against Eaton. Each of the three counts of the indictment charged Eaton with Forgery in violation of R.C. 2913.31(A)(2), with each count being a fifth-degree felony. The charges in the indictment were based on the allegation that Eaton had defrauded an American Legion post by falsifying records relating to prior military service.

{**¶3**} On June 30, 2025, an arraignment was held and Eaton entered an initial plea of not guilty to all counts in the indictment. Several months of pretrial proceedings then ensued.

{**¶4**} On October 15, 2025, the case was resolved with a negotiated plea of guilty. At that time, Eaton pled guilty to Count 1 of the indictment and, pursuant to the plea agreement, the State of Ohio dismissed the remaining two counts. The trial court accepted the guilty plea and ordered a presentence investigation.

{¶5} On November 10, 2025, a sentencing hearing was held and Eaton was sentenced to a 12-month prison term. On November 13, 2025, the trial court journalized its sentencing orders.

{¶6} On November 25, 2025, the trial court filed a nunc pro tunc judgment entry to correct a scrivener's error in the November 13, 2025 judgment entry of sentencing.

{¶7} On December 1, 2025, Eaton filed this appeal, in which he raises one assignment of error for this Court's review.

**Assignment of Error**

**Appellant's prison term was contrary to law in violation of R.C. 2953.08(G)(2)(b) because the trial court did not give the defense an opportunity to challenge the presentencing investigation report.**

{¶8} In the sole assignment of error, Eaton argues that his sentence was contrary to law. Specifically, Eaton asserts that the trial court erred in sentencing him to twelve months in prison without first giving Eaton or his counsel an opportunity to comment on the presentence investigation and to challenge any inaccuracies therein.

{¶9} The standard of review in this sentencing appeal is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 10; R.C. 2953.08. The Supreme Court of Ohio has further limited sentencing review by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate

court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 2020-Ohio-6729, ¶ 39. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 2021-Ohio-1768, ¶ 9 (3d Dist). "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12. *Id*., citing *State v. Dorsey*, 2021-Ohio-76, ¶ 16 (2d Dist.).

{¶10} With regard to the sentence imposed in the instant case, Eaton was convicted of Forgery, a felony of the fifth degree in violation of R.C. 2913.31(A)(2). Pursuant to R.C. 2929.13(B), a trial court is required to impose a sentence of community control upon an offender convicted of a fifth-degree felony that is not an offense of violence or a qualifying assault offense, unless certain specified factors are present, such as a prior felony conviction or other aggravating circumstances. In cases where a sentence of community control is not mandated by R.C. 2929.13(B), the authorized range of prison sentences for a fifth-degree felony is a definite prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5).

{¶11} At the sentencing hearing in the instant case, the parties jointly recommended a sentence of community control, although counsel for the prosecution and counsel for the defense both noted, as also reflected by the

presentence investigation, that Eaton had prior criminal convictions. Through Eaton's own direct statement to the court, he indicated that he took full responsibility for his actions in this case and that he was remorseful for the fraud he perpetrated upon the American Legion. Eaton represented that he falsified a prior military record in order to participate as an officer in the American Legion and to help the veterans served by that organization.

{¶12} Prior to imposing sentence, the trial court noted on the record at the sentencing hearing that it had considered the principles and purposes of sentencing, and the court also noted that it had given consideration to the seriousness and recidivism factors set forth in R.C. 2929.12. Upon consideration of those various factors, the trial court found that Eaton's likelihood of recidivism was high, based on his prior criminal record. The trial court therefore rejected the parties' joint sentencing recommendation of community control and the court imposed a twelve-month prison sentence.

{¶13} Upon review, we find that the record adequately supports the trial court's determination that Eaton was not amenable to community control and should be sentenced to prison. Specifically, the record reflects that Eaton had a prior federal conviction in 2015 for making a false statement to a federal agent, for which he was sentenced to probation. The presentence report in this case further reflects that an arrest warrant for a probation violation had been issued in that prior case by the federal authorities in 2018, and that probation violation warrant was still active

at the time of sentencing in this case. The fact that Eaton committed the offense in the instant case while on probation in that prior case is one of the circumstances set forth in R.C. 2929.13(B) serving to overcome the requirement that community control be imposed for a felony of the fifth degree. R.C. 2929.13(B)(1)(b)(x).

{¶14} In summary, the record before us confirms that the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and the statutory factors relating to seriousness and recidivism set forth in R.C. 2929.12. Consideration of those factors supports the trial court's sentencing decision, as does the fact that community control was not required by R.C. 2929.13(B) on the circumstances of this case. Additionally, the twelve-month prison term imposed by the trial court was within the statutory range established by R.C. 2929.14(A)(5).

{¶15} Notwithstanding all of the above, Eaton argues on appeal that his sentence is contrary to law because the trial court sentenced him to twelve months in prison without first giving Eaton and his counsel an opportunity to comment on the presentence investigation and to challenge any inaccuracies therein.

{¶16} In support of that argument, Eaton relies on R.C. 2951.03, which provides in relevant part:

> (A)(1) Unless the defendant and the prosecutor who is handling the case against the defendant agree to waive the presentence investigation report, no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction

-6-

until a written presentence investigation report has been considered by the court. * * *

* * *

(B)(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:

(a) Any recommendation as to sentence;

(b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;

(c) Any sources of information obtained upon a promise of confidentiality;

(d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.

(2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.

{¶17} In this case, Eaton asserts that the trial court did not comply with R.C. 2951.03(B)(2), noting in his merit brief on appeal, "[t]rial courts typically comply with this provision by asking the parties if they have any issues with the presentence investigation report, but the trial court failed to do so in this case." Eaton asserts that the failure to do so renders the sentence here contrary to law. We disagree.

{¶18} While R.C. 2951.03(B)(1) requires, with certain exceptions, that a defendant or his counsel be permitted to read the presentence investigation report at a reasonable time before sentencing and R.C. 2951.03(B)(2) provides that a trial court permit the defendant and his counsel to comment on the presentence report prior to sentence being imposed, Eaton points to nothing in the record here affirmatively establishing that the trial court failed to comply with those provisions.

{¶19} Specifically, there is nothing in the record demonstrating that Eaton or his counsel were denied access to the presentence investigation report, and neither Eaton or his counsel objected at the sentencing hearing to not receiving the opportunity to review that report. While defense counsel did not expressly acknowledge his receipt or review of the presentence investigation report on the record at sentencing, the statements made by defense counsel in mitigation of sentence during that hearing reflect an awareness on counsel's part of the contents of the presentence investigation. Nor does the record reflect that either Eaton or his counsel attempted to comment on any inaccuracies in the presentence report and that the trial court denied them the opportunity to do so.

{¶20} More importantly, the presentence investigation report is part of the record on appeal and we note that Eaton does not allege that any information contained therein is factually inaccurate, nor does he identify any actual prejudice that resulted to him from any inaccuracies in the report or from the trial court's overall handling of the matters relating to the presentence investigation. Rather, the

record reflects that the trial court ordered that a presentence investigation report be prepared, that it was prepared, and that the trial court referenced the presentence report at the sentencing hearing without any objection or comment from the defense when there was ample opportunity to make any such objection or comment.

**{¶21}** We note that a better practice would be for the trial court to expressly acknowledge on the record at sentencing that the defense had been granted access to the presentence investigation report and to then specifically inquire of the defense whether it had any objection or comments relating to the accuracy of the information contained in the report. However, as there is nothing in the record before us to suggest that the trial court actually failed to comply with the provisions of R.C. 2951.03, we find no merit to Eaton's argument that his sentence is contrary to law on that basis. *Accord State v. Warwick*, 2018-Ohio-139 (12th Dist.); *State v. Richardson*, 2013-Ohio-1374 (2d Dist.).

**{¶22}** As the trial court gave consideration to the applicable sentencing factors set forth by statute and because the prison sentence imposed is within the statutory range of sentencing options, the sentence in this case is supported by the record and is not clearly and convincingly contrary to law.

**{¶23}** The assignment of error is overruled.

*Conclusion*

**{¶24}** Having found no error prejudicial to the defendant-appellant, Shane Eaton, in the particulars assigned and argued, the November 13, 2025 judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge


_____
Mark C. Miller, Judge


_____
John R. Willamowski, Judge

DATED:
/jlm