**[Cite as *State v. Slife*, 2025-Ohio-225.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# AUGLAIZE COUNTY

STATE OF OHIO,

   CASE NO. 2-24-03

 PLAINTIFF-APPELLEE,

 v.

TRENTON ALAN SLIFE,   **O P I N I O N**

 DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court
Criminal Division
Trial Court No. 2024 CR 17**

**Judgment Affirmed**

**Date of Decision: January 27, 2025**

**APPEARANCES:**

 *Nicholas A. Catania* **for Appellant**

 *Reed D. Searcy* **for Appellee**

**WALDICK, P.J.**

{¶1} Defendant-appellant, Trenton Slife ("Slife"), appeals the judgment of sentence entered against him in the Auglaize County Court of Common Pleas on May 22, 2024. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on February 5, 2024, when an Auglaize County grand jury returned a two-count indictment against Slife. In Count 1 of the indictment, Slife was charged with Trafficking in Drugs (Methamphetamine), a second-degree felony in violation of R.C. 2925.03(A)(2) and (C)(1)(D). Count 2 of the indictment charged the offense of Aggravated Possession of Drugs (Methamphetamine), a second-degree felony in violation of R.C. 2925.11(A) and (C)(1)(c).

{¶3} On February 9, 2024, an arraignment was held and Slife entered an initial plea of not guilty to the indictment.

{¶4} On March 11, 2024, a change of plea hearing was held. At that time, Slife entered a negotiated plea of guilty to Count 2 of the indictment. In exchange for that guilty plea, the prosecution agreed to a dismissal of Count 1 of the indictment, agreed to dismiss a fifth-degree felony charge in another indictment pending against Slife, and agreed to not prosecute Slife on potential criminal charges stemming from his actions at the time he was arrested on the indictment in this case. The trial court accepted the guilty plea and ordered a presentence investigation.

{¶5} On May 22, 2024, a sentencing hearing was held. At that time, Slife was sentenced to a minimum prison term of eight years with a potential maximum prison term of twelve years.

{¶6} On June 13, 2024, Slife filed the instant appeal, in which he raises one assignment of error for our review.

### Assignment of Error

**The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code, Section 2929.14 resulting in the defendant-appellant receiving a sentence which is contrary to law.**

{¶7} In the sole assignment of error, Slife contends that the trial court erred in imposing the maximum prison term, asserting that the same is not supported by the record.

{¶8} The standard of review in this sentencing appeal is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 10; R.C. 2953.08. The Supreme Court of Ohio has further limited sentencing review by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 2020-Ohio-6729, ¶ 39. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 2021-Ohio-1768, ¶ 9 (3d Dist). "A sentence imposed within the statutory range is not contrary to law as long as the trial court

considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 16 (2d Dist.).

{¶9} With regard to the sentence imposed in the instant case, Slife was convicted of Aggravated Possession of Drugs, a felony of the second degree in violation of R.C. 2925.11(A) and (C)(1)(c). Pursuant to R.C. 2929.14(A)(2)(a), the authorized range of prison sentences for a second-degree felony committed after March 22, 2019, as Slife's offense was, is an indefinite prison term with a stated minimum term of two, three, four, five, six, seven, or eight years, and a maximum term that is determined pursuant to R.C. 2929.144. Additionally, pursuant to R.C. 2925.11(A) and (C)(1)(c), the statutory subsections under which Slife was charged and convicted, it is mandatory that a prison term be imposed for violations of those provisions. Thus, the imposition of a prison term was required by law in this case, and the indefinite prison term of eight years up to a potential maximum of twelve years imposed by the trial court was within the statutory range.

{¶10} On the record at the time of sentencing, the trial court specifically noted that it had considered "the purposes and principles of felony sentencing under Section 2929.11, and the seriousness and recidivism factors, based upon the information provided to the Court by the parties and the PSI." (5/22/24 Tr., 8). The judgment entry of sentencing also reflects that the trial court considered "the record, pre-sentence investigation, testimony, oral statements, the principles and purposes

of sentencing required by R.C. §2929.11, and the serious and recidivism factors of R.C. 2929.12[.]" (Docket No. 35).

**{¶11}** At the change of plea hearing held on March 11, 2024, Slife agreed that the offense to which he pled guilty was based on the following facts:  On January 7, 2024, at approximately 12:30 pm., a St. Marys Police Department officer observed Slife walking on High Street in St. Marys.  The officer was aware that Slife had a warrant for his arrest, stemming from a prior indictment.  After confirming that the warrant was still active, the officer arrested Slife. A search incident to arrest revealed a bag of suspected methamphetamine in Slife's rear pocket.  Subsequent analysis at the Ohio Bureau of Criminal Investigation lab determined that the substance contained methamphetamine and weighed approximately 21.72 grams.  Following his arrest, Slife was interviewed by a detective, and Slife admitted to knowing that he had been in possession of twenty-two grams of methamphetamine.

**{¶12}** Additionally, the presentence investigation reflects that Slife told the detective in his post-arrest interview that the methamphetamine was not his but, rather, he is a runner for a local drug dealer, who is one of the biggest suppliers of drugs in St. Marys.

**{¶13}** Finally, at the sentencing hearing, in addition to taking the above facts into consideration, the trial court noted that Slife's ORAS score was 35, indicating a very high risk of reoffending; that he had prior criminal convictions involving

possession of drugs, including a large quantity of methamphetamine in 2019; that he had a drug trafficking conviction in 2016; and that he had been given prior opportunities for community control sanctions that offered counseling and help with his addiction. The presentence investigation confirms those prior convictions, in addition to several others, as well as reflecting a history of prior prison terms having been imposed.

{¶14} In summary, the record before us confirms that the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and the statutory factors relating to seriousness and recidivism set forth in R.C. 2929.12. Consideration of those factors supports the conclusion that Slife poses a high risk of reoffending. Slife's prior record of criminal conduct also establishes he poses a threat to society, and his criminal history reflects that prior attempts at rehabilitation and punishment through the imposition of community control terms as well as prison terms have been unsuccessful. As the trial court gave consideration to the applicable sentencing factors and because the maximum sentence imposed is within the statutory range of sentencing options, the maximum sentence in this case is supported by the record and is not clearly and convincingly contrary to law.

{¶15} Slife also asserts on appeal that a trial court may only impose a maximum prison term if the court finds that the offender is one who poses the greatest likelihood of committing future crimes, after also finding that the minimum sentence would demean the seriousness of the offender's conduct or would not

adequately protect the public. However, Slife's argument is misplaced as requirements for such judicial fact-finding before imposing non-minimum and/or maximum sentences are no longer part of the Ohio statutory sentencing scheme. *See State v. Foster*, 2006-Ohio-856.

{¶16} The assignment of error is overruled.

*Conclusion*

{¶17} Having found no error prejudicial to the defendant-appellant, Trenton Slife, in the particulars assigned and argued, the judgment of the Auglaize County Court of Common Pleas is affirmed.

***Judgment affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**