[Cite as *State v. Stephens*, 2025-Ohio-1322.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

CONSTANCE N. STEPHENS,

    DEFENDANT-APPELLANT.

CASE NO. 5-24-31


O P I N I O N


Appeal from Hancock County Common Pleas Court
Trial Court No. 2023 CR 403

**Judgment Affirmed**

**Date of Decision: April 14, 2025**


APPEARANCES:

    *Lawrence A. Gold* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**WALDICK, P.J.**

{¶1} Defendant-appellant, Constance Stephens ("Stephens"), appeals the judgment of sentence entered against her in the Hancock County Court of Common Pleas on July 26, 2024. For the reasons set forth below, we affirm.

*Procedural History and Relevant Facts*

{¶2} This case originated on September 19, 2023, when a Hancock County grand jury returned a single-count indictment against Stephens, charging her with Tampering with Evidence, a third-degree felony in violation of R.C. 2921.12(A)(1).

{¶3} The record reflects that the charge in the indictment stemmed from an incident on September 16, 2023, when a Findlay Police Department officer found Stephens to be trespassing in a bathroom at Riverside Park in Findlay. Stephens was taken into custody for the trespass offense and transported to the Findlay Police Department. During the transport, the officer observed that Stephens was fidgeting with her pants. Upon arriving at the police department, Stephens attempted to covertly drop a hypodermic syringe onto the ground as she was stepping out of the police cruiser.

{¶4} On October 4, 2023, an arraignment was held and Stephens entered an initial plea of not guilty to the indictment.

{¶5} On February 26, 2024, a change of plea hearing was held. At that time, Stephens withdrew her original plea of not guilty and entered a plea of guilty to the

-2-

indictment. The trial court accepted the guilty plea and ordered a presentence investigation.

{¶6} On July 18, 2024, a sentencing hearing was held and Stephens was sentenced to a term of thirty months in prison. On July 26, 2024, the trial court journalized its sentencing decision.

{¶7} On August 5, 2024, Stephens filed the instant appeal, in which she raises one assignment of error for our review.

### Assignment of Error

**The trial court erred to the prejudice of appellant by imposing a sentence that is contrary to law.**

{¶8} In the sole assignment of error, Stephens asserts that the trial court erred in ordering that she serve a sentence of thirty months in prison. Specifically, Stephens contends that the trial court failed to fully consider all factors and issues in the case before determining that Stephens was not amenable to community control and imposing the prison term.

{¶9} The standard of review in this sentencing appeal is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 10; R.C. 2953.08. The Supreme Court of Ohio has further limited sentencing review by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 2020-Ohio-6729, ¶ 39. A trial court has full discretion to impose any sentence within the

statutory range. *State v. Johnson*, 2021-Ohio-1768, ¶ 9 (3d Dist). "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12. *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 16 (2d Dist.).

{¶10} With regard to the sentence imposed in the instant case, Stephens was convicted of Tampering with Evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1). Pursuant to R.C. 2929.14(A)(3)(b), the authorized range of prison sentences for a third-degree felony of the type at issue here is a definite prison term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. Thus, the thirty-month prison term imposed by the trial court was within the statutory range.

{¶11} On the record at the time of sentencing, the trial court noted that it had considered the principles and purposes of sentencing, and then specifically discussed the overriding purposes of felony sentencing that are set forth in R.C. 2929.11. The trial court also noted that it had given consideration to the seriousness and recidivism factors set forth in R.C. 2929.12. Upon consideration of those various factors, the trial court found that Stephens was not amenable to community control and imposed the thirty-month prison sentence.

{¶12} The judgment entry of sentencing also reflects that the trial court considered "the principles and purposes of sentencing in R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and all other relevant sentencing

statutes", in addition to considering statements in mitigation, statements of the parties, and the presentence investigation. (7/26/24 Judgment Entry – Sentencing, Docket No. 51).

{¶13} Finally, we note that the record in this case more than adequately supports the trial court's finding that Stephens was not amenable to community control. Specifically, the record reflects that Stephens had a prior felony conviction in 2014 for which she was sentenced to prison; that she also had a number of misdemeanor convictions beginning in 2021; that Stephens was already on probation at the time she committed the offense at issue in this case; and that she failed to appear for scheduled court hearings several times while this case was pending, as well as failing to report to the probation office on several occasions during the pendency of this case, as required by the conditions of her bond.

{¶14} In summary, the record before us confirms that the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and the statutory factors relating to seriousness and recidivism set forth in R.C. 2929.12, and consideration of those factors supports the conclusion that Stephens was not amenable to community control.

{¶15} As the trial court gave consideration to the applicable sentencing factors and because the prison sentence imposed is within the statutory range of sentencing options, the sentence in this case is supported by the record and is not clearly and convincingly contrary to law.

**{¶16}** The assignment of error is overruled.

*Conclusion*

**{¶17}** Having found no error prejudicial to the defendant-appellant, Constance Stephens, in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**