[Cite as *State v. Kittle*, 2025-Ohio-4793.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JOSHUA EDWARD KITTLE,

    DEFENDANT-APPELLANT.

CASE NO. 2-25-02

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JOSHUA EDWARD KITTLE,

    DEFENDANT-APPELLANT.

CASE NO. 2-25-03

OPINION AND
JUDGMENT ENTRY

Appeals from Auglaize County Common Pleas Court
Criminal Division
Trial Court Nos. 2024-CR-133 and 2024-CR-132

Judgments Affirmed

Date of Decision: October 20, 2025

**APPEARANCES:**

*Nicholas A. Catania* **for Appellant**

*Benjamin R. Elder* **for Appellee**

**MILLER, J.**

{**¶1**} Defendant-appellant, Joshua E. Kittle ("Kittle"), appeals the March 26, 2025 and April 4, 2025 judgments of sentence of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{**¶2**} This appeal arises from two cases involving three separate events. Case 2024-CR-132 arises from a July 19, 2024 incident in which officers were dispatched to a gas station on a complaint of an altercation between a male and a female with the male punching the window of a vehicle and shouting at his girlfriend inside. Upon arrival, officers spoke to Kittle, and he consented to a search of his person. During the search officers located an orange needle cap that had white powder which tested positive for cocaine and fentanyl. As a result of this incident, Kittle was indicted on two counts: Count One of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony; and Count Two of possession of fentanyl in violation of R.C. 2925.11(A), (C)(11)(a), a fifth-degree felony.

{¶3} Case 2024-CR-133 arises from two events, one on July 21, 2024 and one on July 24, 2024, in which Kittle, accompanied by his girlfriend, entered her mother's residence through a dog door and opened the garage door. Once inside, the pair stole various items including $100 worth of coins, a safe containing rings and personal paperwork, and a pressure washer. As a result of these incidents, Kittle was indicted on four counts: Counts One and Three of trespass in a habitation in violation of R.C. 2911.12(B), fourth-degree felonies, and Counts Two and Four of theft in violation of R.C. 2913.02(A)(1), first-degree misdemeanors.

{¶4} At his arraignment on December 11, 2024, Kittle entered not-guilty pleas to the indictments in both cases.

{¶5} On March 6, 2025, the parties appeared for a change-of-plea hearing in both cases. Pursuant to a negotiated-plea agreement, Kittle withdrew his pleas of not guilty to the possession of fentanyl charge in case number 2024-CR-132 and one count each of trespass in a habitation and theft in case number 2024-CR-133. The trial court accepted Kittle's guilty pleas and found him guilty of those counts. In exchange, the State made a motion to dismiss the remaining counts, which the trial court granted. The trial court continued the matter for sentencing. The judgment entries of conviction were filed that same day.

{¶6} At the sentencing hearing held on March 26, 2025, the trial court sentenced Kittle in case number 2024-CR-132 to 12 months in prison on the possession of fentanyl charge. With respect to case 2024-CR-133, the trial court

sentenced Kittle to 18 months in prison on the trespass in a habitation count and a concurrent term of 180 days of incarceration on the theft count. Additionally, the trial court ordered the sentences in the two cases to be served consecutively to one another and consecutively to two Mercer County cases. In addition, Kittle was ordered to pay $2,700.00 to the homeowner in case number 2024-CR-133. The trial court filed its judgment entries of sentence that same day and filed a nunc pro tunc judgment entry of sentence on April 4, 2025 in case number 2024-CR-132.

{¶7} Kittle filed his notices of appeal on April 22, 2025. The cases were consolidated for appellate review. He raises a single assignment of error for our review.

## Assignment of Error

**The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code, Section 2929.14 resulting in the Defendant-Appellant receiving a sentence which is contrary to law.**

{¶8} In his assignment of error, Kittle argues that his sentence was contrary to law. Specifically, he challenges his sentences on the grounds that the record allegedly does not support the trial court's findings.

### *Standard of Review*

{¶9} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is

otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶10} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 9 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable sentencing policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 2020-Ohio-5572, ¶ 10 and 14 (3d Dist.); *State v. Maggette*, 2016-Ohio-5554, ¶ 31 (3d Dist.).

{¶11} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the

offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing . . ., commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶12} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3 208, 215 (2000). Neither statute "requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20; *see also* R.C. 2929.11 and 2929.12.

{¶13} In considering R.C. 2929.11 and 2929.12 as they relate to felony-sentencing appeals, the Supreme Court of Ohio has further limited appellate review by holding that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence" "based on its view that the sentence

is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 31, 34, 39 ("an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)"). Thus, R.C. 2953.08(G)(2) does not allow "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42; *see also State v. Bryant*, 2022-Ohio-1878, ¶ 22. However, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law," and claims that raise those "types of issues are therefore reviewable." *Bryant* at ¶ 22 (finding the trial court increased the sentence based on an impermissible consideration).

*Analysis*

{¶14} At the onset, we note that Kittle does not argue that the trial court failed to make the requisite consecutive-sentencing findings. Rather, he argues that his sentences are not supported by the record.

{¶15} As an initial matter, we note that in his appellate brief, Kittle cites *State v. Edmonson*, 86 Ohio St.3d 324 (1999), for the proposition that the trial court is required to make findings on the record when imposing a maximum sentence. However, "[i]t is well-established that the statutes governing felony sentencing no

longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 2016-Ohio-5554, ¶ 29 (3d Dist.). *See State v. Taylor*, 2025-Ohio-600, ¶ 25 (3d Dist.); *State v. Slife*, 2025-Ohio-225, ¶ 15 (3d Dist.); *State v. Hinton*, 2015-Ohio-4907, ¶ 9 (8th Dist.) ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Accordingly, to the extent Kittle is attempting to allege that the trial court was required to make specific findings prior to imposing maximum sentences, that argument is overruled.

{¶16} The trial court sentenced Kittle to 180 days of incarceration for first-degree misdemeanor theft, 12 months in prison for fifth-degree felony possession of fentanyl, and 18 months in prison for fourth-degree felony trespass in a habitation. Thus, Kittle's sentences fall within the respective statutory ranges. *See* R.C. 2929.14(A)(4); R.C. 2929.14(A)(5); R.C. 2929.24(A)(1).

{¶17} The record reflects that the trial court considered R.C. 2929.11 and 2992.12 when fashioning Kittle's sentence. At the sentencing hearing, the trial court stated that it considered "the purposes and principles of felony sentencing under Section 2929.11, and the criteria set forth in Section 2929.12," "the information provided to the Court by the parties," and the presentence investigation report ("PSI"). (Mar. 26, 2025 Tr. at 14). Further, in the judgment entries of sentence, the trial court likewise stated that it considered "the record, oral statements, any Victim Impact Statement and [PSI] prepared, as well as the principles and purposes of

sentencing under Ohio Revised Code § 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code § 2929.12." Therefore, because Kittle's prison sentence is within the applicable statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Kittle's sentence is valid. *See Watts*, 2020-Ohio-5572, at ¶ 14.

{¶18} Yet, Kittle argues his prison sentence is not supported by the record or is contrary to law because the trial court did not properly weigh the R.C. 2929.12 sentencing factors. However, "[n]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones*, 2020-Ohio-6729, at ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32.

{¶19} Kittle alleges that the trial court did not properly weigh the mitigating factors when imposing his sentence. We note that when imposing a felony sentence, "it is 'the trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.* Furthermore, the record indicates that the trial court considered the PSI and that Kittle's trial counsel addressed

considerations, such as Kittle's long-standing struggles with substance abuse and his previous attempts at obtaining treatment. However, when reviewing the record, including the lengthy criminal history and prior probation violations outlined in the PSI, the trial court determined that the statutory factors, mitigating grounds, and relevant circumstances weighed against a lighter sentence. We do not find that the trial court erred by weighing the sentencing factors differently than Kittle would have this court weigh them.

{¶20} Accordingly, we do not find Kittle's arguments to be well-taken. Kittle's assignment of error is overruled.

*Conclusion*

{¶21} For the foregoing reasons, Kittle's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Auglaize County Court of Common Pleas.

***Judgments Affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

Case Nos. 2-25-02, 2-25-03

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

 

Mark C. Miller, Judge

 

William R. Zimmerman, Judge

 

John R. Willamowski, Judge

DATED:
/jlm

-11-