[Cite as *State v. Krouse*, 2026-Ohio-407.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

DUSTIN T. KROUSE,

    DEFENDANT-APPELLANT.

CASE NO. 8-25-15

OPINION AND
JUDGMENT ENTRY

Appeal from Logan County Common Pleas Court
Trial Court No. CR 25 01 0011

Judgment Affirmed

Date of Decision: February 9, 2026

APPEARANCES:

    *Alison Boggs* for Appellant

    *Erin G. Rosen* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Dustin T. Krouse ("Krouse") appeals the judgment of the Logan County Court of Common Pleas, arguing that his sentence is contrary to law. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Krouse was an employee of the Brownstown Electric Supply Company ("Brownstown"). On December 14, 2024, Deputy Ryan Brown ("Deputy Brown") of the Logan County Sheriff's Office responded to a report from Brownstown employees that eight boxes of fuses were missing from their warehouse. When Deputy Brown arrived at the warehouse, he was informed that the building had no signs of forced entry and that the missing property was likely taken by an employee with access to the building.

{¶3} Brownstown later produced evidence establishing that Krouse's vehicle had been in the company parking lot and that his phone had been connected to the company's wireless network at the time of the theft. After his apprehension, Krouse confessed to stealing the property that had been reported missing in addition to a number of other items. After Krouse indicated that he sold these items to a buyer in Springfield, law enforcement was able to locate most of the property that had been stolen.

{¶4} On January 14, 2025, Krouse was indicted on one count of aggravated theft in violation of R.C. 2913.02(A)(1), a third-degree felony, and one count of breaking and entering in violation of R.C. 2911.13(B), a fifth-degree felony. On June 11, 2025, Krouse pled guilty to one count of aggravated theft in violation of R.C. 2913.02(A)(1), a third-degree felony. The trial court then dismissed the remaining charge on motion of the State and ordered the preparation of a presentence investigation report ("PSI").

{¶5} On July 14, 2025, Krouse appeared for sentencing. While the value of the stolen property was found to be $170,486.90, Brownstown did not request restitution since most of the stolen property had been recovered. The trial court ordered Krouse to serve a prison term of three years and issued its judgment entry of sentencing on July 15, 2025.

*Assignment of Error*

{¶6} Krouse filed his notice of appeal on August 12, 2025. On appeal, he raises the following assignment of error:

**The trial court's sentence is contrary to law.**

Krouse asserts that the trial court relied on impermissible considerations and failed to account for various mitigating factors in fashioning a sentence.

*Legal Standard*

{¶7} "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 2024-Ohio-625, ¶ 6 (3d Dist.). Under this

-3-

provision, an appellate court has the authority to increase, reduce, or modify a sentence if it clearly and convincingly finds that the sentence is contrary to law. *State v. Brill*, 2023-Ohio-404, ¶ 7 (3d Dist.). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). As used in this statute, "contrary to law" means "in violation of statute or legal regulations at a given time." *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting Black's Law Dictionary (6th Ed. 1990).

{¶8} Importantly, "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence" "based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Kittle*, 2025-Ohio-4793, ¶ 13 (3d Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 31, 34, 39. Thus, R.C. 2953.08(G)(2) does not allow "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Kittle* at ¶ 13, quoting *Jones* at ¶ 42.

{¶9} However, an "appellate court is not prohibited from reviewing a sentence 'when the claim is that the sentence was improperly imposed based on impermissible considerations.'" *State v. Smith*, 2024-Ohio-2187, ¶ 14 (1st Dist.), quoting *Bryant*, 2022-Ohio-1878, ¶ 22. For this reason, a sentence may be contrary to law if a "trial court imposes a sentence based on factors or considerations that are

extraneous to those that are permitted by R.C. 2929.11 and 2929.12 . . . ." *State v. Davis*, 2025-Ohio-421, ¶ 9 (3d Dist.), quoting *Bryant* at ¶ 22.

{¶10} Ultimately, "[a] trial court has full discretion to impose any sentence within the statutory range." *State v. Stephens*, 2025-Ohio-1322, ¶ 9 (3d Dist.). Thus, as a general matter, "[a] sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Johnson*, 2021-Ohio-1768, ¶ 9 (3d Dist.).

*Legal Analysis*

{¶11} Krouse raises three main arguments that assert his sentence is contrary to law. First, he argues that the trial court ordered a prison term based upon impermissible considerations related to the absence of a restitution order in this case. To support this argument, he points to several statements that the trial court made about community control and restitution at the change of plea hearing.

{¶12} In the identified exchange, the trial court described a good candidate for community control as a person who was willing to follow the probation officer's directions; comply with the conditions of supervision; and take any "obligation to make restitution seriously. . . ." (June 11 Tr. 20). The trial court then recommended that Krouse "put[] his best foot forward" at sentencing and consider speaking with his attorney about "what [he] . . . could commit to on a monthly basis" towards any restitution that might be ordered. *Id*.

-5-

{¶13} On appeal, Krouse argues that these statements indicate that the trial court was less likely to impose a prison term in a case where the victim requested restitution because a community control sanction would enable the defendant to make payments towards restitution. He then asserts that he may have been given a community control sanction if Brownstown had requested restitution and that his sentence was, therefore, based on impermissible considerations.

{¶14} This argument is ultimately speculative. At the change of plea hearing, the trial court indicated that a good candidate for community control would exhibit a willingness to make the victim whole. However, the trial court nowhere suggested that the existence of a request for restitution from the victim would make a community control sanction more likely or that the absence of a request for restitution was a factor in imposing a prison sentence.[1]

{¶15} Further, after mentioning the possibility of placing Krouse on community control at the change of plea hearing, the trial court clearly indicated that no decision on this matter would be made until a PSI had been prepared and reviewed. In this case, the PSI catalogued an extensive criminal history that included numerous theft offenses and showed that Krouse had also been on

---

[1] At sentencing, the prosecutor noted that Krouse owed $69,474.55 in various costs from his prior cases. While Krouse argues that the trial court would have imposed a community control sanction if he had owed restitution to Brownstown, he does not explain how the existence of these unpaid obligations of $69,474.55 did not result in him receiving a community control sentence.

community control multiple times. After considering the contents of the PSI at sentencing, the trial court decided to impose a prison term.

{¶16} In summary, R.C. 2929.11(A) states that a "sentencing court shall consider the need for . . . making restitution to the victim of the offense, the public, or both." While the trial court discussed restitution at the change of plea hearing, we find no indication that the absence of a request for restitution at sentencing contributed to Krouse receiving a prison term. Thus, even if such a consideration would render a sentence contrary to law, the record does not suggest that the trial court relied on the absence of a request for restitution as a factor that supported a prison sentence. Thus, Krouse's first argument is without merit.

{¶17} Second, Krouse asserts that the trial court essentially overlooked the fact that most of the stolen property was recovered in finding that the victim suffered serious economic harm under R.C. 2929.12(B)(2). We note that, in discussing this factor, the trial court stated that "the value [of] the property stolen was over $170,000" but expressly acknowledged that "[t]he harm was mitigated" by the recovery of most of the property. (July 14 Tr. 10). Ultimately, Krouse "simply disagrees with the trial court's application of these factors to the facts and circumstances of his case." *State v. Foster*, 2021-Ohio-1454, ¶ 30 (3d Dist.). However, appellate courts "may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial

court's findings under R.C. 2929.11 or 2929.12." *State v. Lambert*, 2024-Ohio-2308, ¶ 15 (3d Dist.). Thus, Krouse's second argument is without merit.

**{¶18}** Third, Krouse asserts that the trial court failed to consider a number of mitigating factors in fashioning a sentence. Initially, we note that the facts Krouse identifies in his brief were discussed at sentencing. In this argument, he is ultimately asserting that the trial court should have given more weight to these mitigating factors. As noted previously, appellate courts are not "to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, 2020-Ohio-6729, at ¶ 42. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Kittle*, 2025-Ohio-4793, at ¶ 13 (3d Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 13 (3d Dist.). Thus, Krouse's third argument is without merit.

**{¶19}** In conclusion, the record establishes that the trial court imposed a sentence that fell within the authorized statutory range after considering the principles of felony sentencing set forth in R.C. 2929.11 and the statutory factors set forth in R.C. 2929.12. *Johnson*, 2021-Ohio-1768, ¶ 9 (3d Dist.). Having examined Krouse's arguments on appeal, we conclude that he has failed to demonstrate that his sentence is clearly and convincingly contrary to law. Accordingly, the sole assignment of error is overruled.

*Conclusion*

**{¶20}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
John R. Willamowski, Judge

_____
William R. Zimmerman, Judge

_____
Juergen A. Waldick, Judge

DATED:
/hls